IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-177-D

| | | |
|---|---|---|
| EDWARD COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Edward Cooper ("Cooper" or "plaintiff") seeks attorney's fees under 42 U.S.C. § 406(b). Michael J. Astrue ("Commissioner" or "defendant") opposes his request. As explained below, the court awards attorney's fees of $6,875 for counsel's work in this court on plaintiff's behalf. The award results in an effective hourly rate of $275, which appropriately incorporates a premium for counsel. The court also orders counsel to reimburse plaintiff the $3,950 that counsel received pursuant to the Equal Access to Justice Act.

I.

On October 14, 2009, Cooper sued the Commissioner, alleging that the Commissioner wrongfully denied Cooper's application for Social Security Disability and Supplemental Security Income benefits ("benefits") [D.E. 3]. Before filing his complaint, Cooper entered into a contingent-fee agreement with his counsel, Daniel R. Lauffer ("Lauffer" or "counsel"), and agreed to pay Lauffer 25 percent of any past-due benefits awarded to Cooper. See Pl.'s Mem. Supp. Mot. [D.E. 27], Ex. 1 ("Fee Agreement") 1.

On July 9, 2010, the court reversed the Commissioner's denial of Cooper's application and remanded the case to the Commissioner [D.E. 19]. Ultimately, the Commissioner awarded Cooper

$59,955 in past-due benefits. See Pl.'s Mem. Supp. Mot. 1; Pl.'s Mem. Supp. Mot., Ex. 2 ("Notice of Award") 2–3. However, the Commissioner, pursuant to 42 U.S.C. § 406(a)(4), withheld 25 percent of that award, or $14,988.75, from Cooper for potential attorney's fees. Notice of Award 2–3. From the $14,988.75 that the Commissioner withheld, the Commissioner paid $6,000 to Lauffer for representing Cooper before the Commissioner. Id. 3. The Commissioner continued to withhold the remaining $8,988.75 from Cooper pending instruction from the court regarding Lauffer's right to additional attorney's fees under 42 U.S.C. § 406(b)(1)(A). Id.

On October 6, 2010, Cooper moved for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [D.E. 21]. On November 12, 2010, the court granted Cooper's motion and ordered the Commissioner to pay Lauffer $3,950 [D.E. 24].

On March 1, 2012, pursuant to 42 U.S.C. § 406(b)(1)(A), Lauffer moved for an award of $8,988 in attorney's fees, based on the contingent-fee agreement under which Lauffer represented Cooper [D.E. 26]. On March 20, 2012, the Commissioner responded in opposition and asked the court to award Lauffer a reasonable attorney's fee and, if appropriate, order Lauffer to refund to Cooper the EAJA award of $3,950 [D.E. 28].

II.

"The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." Gisbrecht v. Barnhart, 535 U.S. 789, 795–96 (2002). Section 406 sets forth the fees to be awarded to an attorney who successfully represents a claimant in an administrative or a court proceeding. See 42 U.S.C. § 406(a)–(b). A successful attorney cannot receive a fee that is greater than 25 percent of the claimant's past-due benefits. Id. § 406(a)(2)(A), (b)(1)(A); Morris v. Soc. Sec. Admin., 689 F.2d 495, 496–97 (4th Cir. 1982) (per curiam). Commensurate with this ceiling, section 406 authorizes

2

the Commissioner to withhold 25 percent of the claimant's past-due benefits to ensure that the claimant's attorney receives his fee. 42 U.S.C. § 406(a)(4), (b)(1)(A).

Section 406 addresses attorney's fees for administrative proceedings and court proceedings separately. "[Section] 406(a) governs fees for representation in administrative proceedings . . . ." Gisbrecht, 535 U.S. at 794; see 42 U.S.C. § 406(a). Under section 406(a), the Commissioner shall approve an attorney's fee agreement, subject to the limitation that the fee must be the lesser of either "(I) 25 percent of the total amount of [the claimant's] past-due benefits . . . or (II) $[6,000] . . . ." 42 U.S.C. § 406(a)(2)(A); see Gisbrecht, 535 U.S. at 795; see also 74 Fed. Reg. 6080-02 (Feb. 4, 2009) (increasing the maximum dollar amount limit for fee agreements approved under section 406(a)(2)(A) to $6,000, effective June 22, 2009). "[Section] 406(b) controls fees for representation in court." Gisbrecht, 535 U.S. at 794; see 42 U.S.C. § 406(b). Under section 406(b), a court may allow "a reasonable fee . . . not in excess of 25 percent of . . . [the claimant's] past-due benefits . . . ." 42 U.S.C. § 406(b); see Gisbrecht, 535 U.S. at 795.

The EAJA supplements section 406 and provides that a party who prevails in court against an agency—such as a claimant who prevails against the Commissioner in a judicial appeal of a denial of an application for benefits—may be awarded fees payable by the United States if the agency's position in the litigation was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A); see Gisbrecht, 535 U.S. at 796. If an attorney is awarded fees under both section 406(b) and the EAJA, the attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (alteration in original) (quotation omitted); see Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186 (providing that if "the claimant's attorney receives fees for the same work under both section [406(b)] . . . and section 2412(d) . . . , the claimant's attorney refunds to the claimant the amount of the smaller fee." (quotation omitted)). Thus, in Social Security cases, the EAJA

3

effectively lessens the burden on the claimant of having to pay attorney's fees by partially reimbursing the claimant for fees deducted from the claimant's past-due benefits. See Gisbrecht, 535 U.S. at 796.

Here, in accordance with section 406, the Commissioner withheld 25 percent of Cooper's past-due benefits, or $14,988.75. See Notice of Award 2–3. In addition, pursuant to section 406(a)(2)(A)(ii)(II), the Commissioner awarded $6,000 to Lauffer for his representation of Cooper in administrative proceedings. Id. 3. Thus, the Commissioner continues to withhold $8,988.75 of Cooper's award. Id.

Lauffer now seeks $8,988 of the remaining $8,988.75 as a reasonable attorney's fee under section 406(b)(1), and cites the contingent-fee agreement. See Pl.'s Mot. [D.E. 26]; Pl.'s Mem. Supp. Mot. 1–2. In support of his request for $8,988, Lauffer simply states that he "knows of no factors that would justify award of a lesser fee." Pl.'s Mem. Supp. Mot. 2. Lauffer also acknowledges that the court has awarded $3,950 in fees under the EAJA, and that he would be required to pay Cooper $3,950 if the court awards Lauffer a greater amount under section 406(b). See id. 2 n.1. The Commissioner contends that an award of $8,988 would be unreasonable because Lauffer dedicated only twenty-five hours to the case, see Pl.'s Mem. Supp. Mot. EAJA Att'y Fee [D.E. 22], Ex. 1 ("Declaration") 1, meaning that Lauffer would be compensated at an hourly rate of $599.52 (i.e., $14,988 divided by twenty-five hours). See Def.'s Mem. Opp'n Mot. [D.E. 28] 3.

In determining whether a contingent-fee agreement is "reasonable" under section 406(b), the court "look[s] first to the contingent-fee agreement, then test[s] it for reasonableness . . . ." Gisbrecht, 535 U.S. at 808; see Mudd v. Barnhart, 418 F.3d 424, 428 (2005). The court performs an "independent check" to ensure that "the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In testing the fee for reasonableness, the court considers (1) "the

4

character of the representation and the results the representative achieved," (2) whether the attorney intentionally delayed court proceedings to "profit from the accumulation of benefits," and (3) the amount of time the attorney spent on the case compared to the awarded benefits. Id. at 808; see Mudd, 418 F.3d at 428. To assist the court in its assessment of a contingent-fee agreement, the court may require an attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808.

Lauffer represented Cooper before the court and ultimately obtained benefits for Cooper, and nothing suggests that Lauffer intentionally delayed court proceedings for profit. Nevertheless, awarding Lauffer the entire fee provided for in the contingent-fee agreement would result in a windfall for Lauffer. Simply put, the amount of time that Lauffer spent on the case is disproportionate to Cooper's recovery. See id.; Mudd, 418 F.3d at 428. Lauffer submitted a declaration indicating that he spent twenty-five hours working on Cooper's behalf related to the proceedings before the court. See Declaration 1. Although the court may request that Lauffer submit a declaration stating the hourly rate that he charges for noncontingent-fee cases, the court does not need such information to evaluate the reasonableness of the contingent-fee agreement. Cf. Gisbrecht, 535 U.S. at 808. Were the court to award Lauffer the fee provided for in the contingent-fee agreement, Lauffer's effective hourly rate for his court-related work would be $359.52 (i.e., $8,988 divided by twenty-five hours).[1] An award of $8,988 for Lauffer's services before this court

---

[1] The Commissioner incorrectly contends that Lauffer's effective hourly rate would be $599.52. See Def.'s Mem. Opp'n Mot. 3. To reach this figure, the Commissioner mistakenly included the $6,000 fee awarded pursuant to section 406(a) as part of Lauffer's requested fee under section 406(b). The $6,000, however, is compensation for the hours that Lauffer dedicated to representing Cooper in administrative proceedings, not court proceedings. See 42 U.S.C. § 406(a) (governing "fees for representation before Commissioner of Social Security"); Gisbrecht, 535 U.S.

5

is unreasonable.

Having fully considered the entire record, the court finds that an award of $6,875 is reasonable. Such an award results in an effective hourly rate of $275. This rate includes a generous premium for Lauffer's having assumed the risk of receiving no compensation for his work on Cooper's behalf. See, e.g., Abernathy v. Astrue, No. 4:08-CV-99-FL, 2010 WL 5776383, at *3 (E.D.N.C. Dec. 21, 2010) (unpublished), M&R adopted, 2011 WL 488657 (E.D.N.C. Feb. 7, 2011) (unpublished).

III.

In sum, the court GRANTS IN PART plaintiff's motion for an attorney's fee [D.E. 26] and awards counsel an attorney's fee of $6,875. The court ORDERS counsel to reimburse plaintiff the $3,950 that counsel received pursuant to the EAJA.

SO ORDERED. This 12 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge

---

at 794. Moreover, the Commissioner fails to recognize that the time that Lauffer spent on the administrative proceedings was in addition to the twenty-five hours that Lauffer dedicated to the court proceedings. See Declaration 1 ("I . . . expended 25 hours of attorney time in the submission of . . . [p]laintiff's case to this [c]ourt."). In determining a reasonable attorney's fee pursuant to section 406(b), the court is not to consider "any services the attorney may have performed before the Secretary." Morris, 689 F.2d at 497.